[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Michael Baden, filed an amended complaint on June 6, 2002, alleging in a two count complaint that the defendant, Laura Lee Dorflinger, caused him emotional injury by proceeding with a 2000 United States District Court lawsuit that he alleges in this action was meritless.[1]
Count one confusingly includes various elements of several different and unrelated causes of action, such as vexatious litigation, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. It is apparent, however, that vexatious litigation is the crux of the plaintiff's complaint because he claims damages pursuant to General Statute § 52-568, which concerns damages for groundless or vexatious suit or defense. Count two incorporates the same facts as count one, but claims that the defendant acted with malicious recklessness as opposed to acting with negligence as alleged in count one.
On July 25, 2002, the defendant filed a motion to strike counts one and two of the complaint, accompanied by a memorandum in support. On August 9, 2002, the plaintiff filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.)Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). CT Page 15328-bu
The defendant moves to strike count one on the grounds that it "fails to plead any discernable nor legally sufficient claims" and count two because it "simply reiterates the legally insufficient claims plead in Count One under the guise of recklessness."[2] (Motion to Strike, p. 1.)
In support of her motion to strike count one, the defendant argues that the plaintiff fails to state a claim for vexatious litigation because the plaintiff does not allege sufficient facts to support the allegation that the defendant acted with malice or without probable cause in prosecuting the District Court suit. The defendant asserts that malice must be established by proof of some improper motive or purpose by the defendant in prosecuting the prior litigation and that the plaintiff has failed to allege any facts in support of this. The defendant further maintains that the facts alleged in the plaintiff's complaint actually support a showing that the defendant had probable cause to prosecute, rather than demonstrate a lack of probable cause which is a required element in a vexatious suit claim.
The defendant relies on her arguments in favor of striking count one to strike count two as well because she argues that count nearly mirrors the allegations set forth in count one. Count two only differs from count one in that it claims malicious recklessness as opposed to negligence.
The defendant also provides arguments against what she perceives as other possible causes of action in the plaintiff's complaint like negligence, negligent infliction of emotional distress or intentional infliction of emotional distress. As noted above, although the plaintiff's complaint includes elements of many different causes of action, it is in essence a complaint based on vexatious litigation.
The plaintiff argues in opposition to the motion to strike that because the defendant continued to prosecute the District Court suit against the plaintiff despite her client's deposition testimony that the plaintiff was not present during the alleged battery establishes, a lack of probable cause and malice. The plaintiff maintains that count two is sufficiently plead for the same reasons.
The plaintiff is claiming statutory vexatious litigation under General Statute § 52-568. General Statute § 52-568 provides that "[a]ny person who commences and prosecutes any civil action or complaint against another, in his own name or the name of others, or asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or CT Page 15328-bv (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages." General Statutes § 52-568.
The plaintiff alleges sufficient facts to support that the defendant prosecuted the District Court action without probable cause. "For purposes of a vexatious suit action, [t]he legal idea of probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . Probable cause is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of. . . . Thus, in the context of a vexatious suit action, the defendant lacks probable cause if he lacks a reasonable, good faith belief in the facts alleged and the validity of the claim asserted." (Citations omitted; internal quotation marks omitted.) DeLaurentis v. New Haven, 220 Conn. 225, 256, 597 A.2d 807
(1991).
The factual support that the plaintiff relies on to establish a lack of probable cause is presented in paragraph three of his complaint which alleges that the defendant's client in the District Court case "stated under oath in his deposition that the plaintiff in this action was not present and drove away when he was allegedly assaulted." (Complaint, First Count, ¶ 3.) The facts alleged in paragraph three sufficiently support that the defendant did not act according to the reasonable person standard set forth in DeLaurentis v. New Haven.
When determining a motion to strike "[t]he court must construe the facts in the complaint most favorably to the plaintiff." Faulkner v.United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Vacco v. Microsoft Corp., 260 Conn. 59, 65, 793 A.2d 1048 (2002). "Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Internal quotation marks omitted.) Lombard v.Edward J. Peters. Jr., P.C., 252 Conn. 623, 626, 749 A.2d 630 (2000). If the allegations in paragraph three are construed most favorably toward the plaintiff and accepted as true, the complaint infers a lack of probable cause. Since the plaintiff must only allege facts, not prove them, supporting the elements of a claim for statutory vexatious litigation, the allegations in paragraph three of the complaint sufficiently a liege a lack of probable cause.
The plaintiff does not need to plead facts demonstrating malice in CT Page 15328-bw order to sufficiently establish a claim under § 52-568. The defendant argues that the complaint alleges no facts supporting malice. Section52-568, however, allows for recovery for vexatious litigation without a showing of malice. Section 52-568 (1) does not require malice while §52-568 (2) does require malice.[3] Therefore, because the statute allows for recovery without showing malice, the plaintiff is not required to allege facts supporting malice.
Further, if a motion to strike "[i]s directed at the entire pleading, [it] must fail if any one of the plaintiff's claims are legally sufficient." Geising v. Blefeld. Superior Court, judicial district of New London, Docket No. CV 549307 (April 25, 2002, Corradino, J.). The defendant is moving to strike the plaintiff's claim for vexatious litigation. The plaintiff's prayer for relief, however, does not specifically claim damages under § 52-568 (1) or § 52-568 (2). Consequently, because the statute allows for recovery with or without malice and the facts alleged provide the complaint partial legal viability, the plaintiff is not required to sufficiently allege facts in support of malice in his complaint.
In count two, the plaintiff alleges malicious recklessness in order to state a claim for statutory vexatious litigation under § 52-568 (2). "In a vexatious suit action, the defendant is said to have acted with malice if he acted primarily for an improper purpose; that is, for a purpose other than that of securing the proper adjudication of the claim on which [the proceedings] are based. . . ." (Citation omitted; internal quotation marks omitted.) DeLaurentis v. New Haven, supra, 220 Conn. 256
n. 16. There are no allegations in the complaint from which the court could infer that the defendant acted primarily for an improper purpose or in a maliciously reckless manner. Therefore, the defendant's motion to strike count two is granted because the plaintiff has failed to plead any facts that, if accepted as true, would indicate that the defendant prosecuted the District Court action with either malicious recklessness or malice alone.
For the foregoing reasons, the defendant's motion to strike count one is denied because the plaintiff sufficiently alleges that the defendant prosecuted him in a prior action without probable cause and malice does not need to be plead under § 52-568 (1) in order to allege statutory vexatious litigation. The defendant's motion to strike count two is granted because the plaintiff does not plead facts sufficient to support an allegation of malice which is required under § 52-568 (2).
Howard F. Zoarski Judge Trial Referee CT Page 15328-bx